UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARTON,

Petitioner,

v.

JOSIE GOSTELO, et al.,[1]

Respondents.

No. 2:22-cv-0616 KJN P

ORDER

Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, but petitioner did not file an in forma pauperis affidavit or pay the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Therefore, petitioner is provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee. This action cannot proceed unless petitioner is granted leave to proceed in forma pauperis or pays the filing fee.

Insufficient Petition

In addition, the petition is unclear. Although petitioner used the form for filing a § 2241 petition, in the relief section of his pleading, petitioner claims to seek relief under 28 U.S.C. § 2254. Petitioner is housed in a state prison and refers to a San Joaquin County conviction, No.

[1] The proper respondent is the warden of the prison where petitioner is currently housed. Fed. R. Civ. P. 25(d); see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

27558, suggesting he seeks habeas relief under 28 U.S.C. § 2254, despite his use of the § 2241 form.

Petitioner fails to identify any grounds for relief. Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases, and is therefore dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims.

Finally, petitioner does not indicate that he exhausted his state court remedies prior to bringing this action. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

If petitioner's habeas claims were not presented to the California Supreme Court, he may opt to voluntarily dismiss this action while he returns to state court and exhausts his claims.[3]

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations

Petitioner's Prior Cases[4]

Petitioner's first § 2254 petition, filed in Barton v. San Joaquin County, No. 2:19-cv-0148 MCE DMC (E.D. Cal.), challenged petitioner's March 2, 1976 conviction of two counts of first degree murder in San Joaquin County Case No. 27558. Id. (ECF Nos. 1, 36-1, 38, 42.) The habeas petition was dismissed as barred by the statute of limitations (untimely by over two decades). Id. (ECF No. 42 at 4.)

In Barton v. Gastelo, No. 2:21-cv-1933 JDP (E.D. Cal.), petitioner again sought to challenge his 1976 conviction, and was granted leave to file an amended § 2254 petition on March 4, 2022. Id. (ECF No. 9.) To date, petitioner has not filed an amended petition in No. 2:21-cv-1933 JDP, or sought an extension of time to do so. In light of the discrepancies noted above, the undersigned declines to construe the instant § 2241 petition as the amended petition intended for No. 2:21-cv-1933 JDP. Petitioner was required to file an amended § 2254 petition in his prior case and was provided a federal habeas form to do so. Id. Petitioner may opt to voluntarily dismiss this action and file his amended petition in the prior case No. 2:21-cv-1933 JDP, in order to avoid having a successive challenge in this case denied as duplicative.

Admonition

Failure to timely comply with this order will result in the dismissal of this action.

Orders

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

---

for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[4] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

2. Petitioner's application for writ of habeas corpus is dismissed;

3. Within thirty days from the date of this order, petitioner shall file an amended petition[5] or a request to voluntarily dismiss this action;[6] and

4. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district, and the form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Dated: April 13, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bart0616.101a+

---

[5] Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

[6] By setting this deadline the court makes no finding or representation that the petition is not subject to dismissal as untimely.